UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

JEROME MERRIWEATHER,

        Defendant.

Case No. 15-cr-40046-JPG-06

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Jerome Merriweather's motion to withdraw his guilty plea (Doc. 241). The Government has responded to the motion (Doc. 244). The Court held a hearing on the motion on April 26, 2017, at which both sides declined to introduce evidence, and the Court took the motion under advisement.

## I.    Background

On October 6, 2015, a grand jury indicted Merriweather on one count of conspiracy to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841(a) and (b)(1)(B) and on three counts of distribution of heroin in violation of 21 U.S.C. § 841(a) and (b)(1)(C). Represented by attorney Cheryl R. Whitley, on April 7, 2016, Merriweather pled guilty to all four counts pursuant to a written plea agreement accompanied by a stipulation of facts. Prior to accepting the plea, the Court conducted a plea colloquy that substantially complied with Federal Rule of Criminal Procedure 11. During the plea hearing, it was noted that it was not clear whether Merriweather would qualify as a career offender. Further details of the written plea documents and the colloquy will be set forth later in this order as necessary to the Court's analysis. Prior to sentencing, the Court allowed Whitley to withdraw as counsel and appointed new counsel (twice) to represent Merriweather. Following an initial presentence investigation

report finding Merriweather was, indeed, a career offender, Merriweather moved to withdraw his guilty plea to all four counts.

## II.     Motion to Withdraw Guilty Plea

A defendant may withdraw a guilty plea before sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *see United States v. Weathington*, 507 F.3d 1068, 1071 (7th Cir. 2007); *United States v. Walker*, 447 F.3d 999, 1004 (7th Cir. 2006). However, Rule 11(d) is "not a free-swinging backdoor." *United States v. Hodges*, 259 F.3d 655, 661 (7th Cir. 2001). On the contrary, "the 'fair and just' Rule 11(d)(2)(B) escape hatch is narrow." *United States v. Mays*, 593 F.3d 603, 607 (7th Cir. 2010). There are generally three grounds justifying withdrawal of a guilty plea: (1) actual innocence, (2) legal innocence and (3) the plea was not knowing and voluntary. *Mays*, 593 F.3d at 607.

The defendant bears the burden of showing "a fair and just reason" and has an uphill battle where a thorough Rule 11 colloquy has taken place. *Weathington*, 507 F.3d at 1071; *United States v. Bennett*, 332 F.3d 1094, 1099 (7th Cir. 2003). A defendant's testimony during a plea colloquy is presumed to be true, and the Court may discredit inconsistent statements offered later to justify withdrawing the plea. *Weathington*, 507 F.3d at 1072. "A defendant's motion to withdraw is unlikely to have merit if it seeks to dispute his sworn assurances to the court." *United States v. Graf*, 827 F.3d 581, 584 (7th Cir. 2016), *cert. denied,* 137 S. Ct. 1329 (2017).

### A.     Defendant's Position

In his motion, Merriweather argues that his guilty plea was unconstitutional because it was "shoved down his throat" by the United States Attorney's Office and effectively offered him no benefit, that is, it was a contract unsupported by consideration. Specifically, he argues that the possibility of a sentence reduction under Federal Rule of Criminal Procedure 35 for substantial assistance to the Government is not a benefit conferred by the plea agreement because

he could obtain such a reduction even without a plea agreement so long as he cooperated with the Government. He further notes that although the Government promised in the agreement to recommend a sentence within the guideline range found by the Court, it did not agree to recommend a sentence at the low end of that range.

Merriweather further argues that the plea agreement was an unconscionable contract of adhesion to which he should not be bound. He believes he should be able to rescind the agreement because the Government infringed on his right to substantive due process during the bargaining process by insisting on unconscionable terms. Merriweather asserts a gross inequality of bargaining power, unreasonable or oppressive terms, and deceptive language in the agreement. He argues that the Government has forced him to waive certain constitutional and statutory rights in the agreement – such as, for example, appellate, statute of limitations, double jeopardy and speedy trial rights – in the event Merriweather materially breaches the plea agreement, even if the breach is reasonable in the circumstances. *See* Plea Agrmt.§ III, ¶ 3.

Additionally, Merriweather argues that his guilty plea was not knowing and voluntary because his counsel was constitutionally ineffective in her advice leading to the plea and that, had he received competent representation, he would not have chosen to plead guilty. He bases this argument on the bare fact that counsel advised Merriweather to plead guilty pursuant to a plea agreement he finds offensive, as described above. At the hearing on the motion to withdraw his guilty plea, Merriweather withdrew his ineffective assistance of counsel argument (he had not supported it with any evidence detailing his counsel's performance) so as not to hamper his effort to raise the argument later on collateral review.

B.    Government's Position

In response, the Government argues that Merriweather has presented no fair and just reason to allow him to withdraw his guilty plea. It notes that Merriweather is not contesting that

3

his sworn statements in his plea colloquy were true or that he committed the offenses to which he pled guilty. On the contrary, it points out that he is only complaining that the plea agreement is unfair.

The Government argues the plea agreement was well-supported by consideration from the Government. The Government points to several benefits Merriweather received in the agreement: a recommendation for a within-guideline sentence regardless of the range the Court found; a recommendation for a three-point offense level reduction for acceptance of responsibility; an agreement not to prosecute Merriweather in the Southern District of Illinois for any other crimes; and consideration for a motion for a lower sentence based on substantial assistance to the Government.

As for Merriweather's contract of adhesion argument, the Government notes that the presence of terms about which the Government was not willing to negotiate does not render a plea agreement unenforceable. It argues that Merriweather has not pointed to any binding caselaw holding that any terms of his plea agreement were unconscionable as a matter of law. The Government further notes that if Merriweather did not want to agree to the terms, he could have declined to enter into the agreement and instead either gone to trial or pled guilty without an agreement, referred to in this district as an "open plea."

Finally, the Government argues that Merriweather's ineffective assistance of counsel claim has no merit. It points to Merriweather's statements in the plea colloquy indicating he reviewed the terms and consequences of the plea agreement with his counsel and that he was happy with her counsel, representation and advice.

## III.    Analysis

Because Merriweather has withdrawn his ineffective assistance of counsel claim at this time, the Court addresses only his arguments that he received nothing from the Government in

the plea agreement and that the plea agreement was an unconscionable contract of adhesion that should not be enforced.

Before addressing Merriweather's specific arguments, it is important to note that Merriweather is not seeking to withdraw his plea based on any of the three grounds generally accepted as justifying withdrawal of a guilty plea: (1) actual innocence, (2) legal innocence and (3) the plea was not knowing and voluntary. *United States v. Mays*, 593 F.3d 603, 607 (7th Cir. 2010). He makes no claim to actual or legal innocence, and (other than in his abandoned ineffective assistance of counsel claim) he does not suggest he did not enter into the plea agreement freely and with knowledge of all the terms about which he now complains and their consequences. Indeed, he stated during his plea colloquy that he had consulted with his counsel about the plea, that he was satisfied with her advice, and (twice) that he was pleading guilty as his own free and voluntary act. The Court found his plea was knowingly, voluntarily and competently given. Merriweather's current complaints relate not to any lack of information or understanding about the terms of the plea and its consequences but instead to general contract law principles, which generally govern plea agreements. *See United States v. Ingram*, 979 F.2d 1179, 1184 (7th Cir. 1992).

A.   Consideration

Merriweather complains that the Government gave him nothing in the plea agreement. A plea agreement unsupported by consideration is illusory and, under ordinary principles of contract law, does not bind the parties. However, the Government provides sufficient consideration for a plea agreement even when it only promises a defendant "the opportunity to convince the prosecution to move for a lower sentence" based on substantial assistance to the Government. *United States v. Kilcrease*, 665 F.3d 924, 928 (7th Cir. 2012). The Government's "promise to evaluate in good faith whether a defendant's cooperation warranted a [substantial

assistance reduction] motion provide[s] sufficient consideration for his guilty plea." *Id.* Where the Government has promised even more than that – as it did in this case – there can be no question that the plea agreement was supported by ample consideration.

Here, in addition to considering Merriweather for a Rule 35 sentence reduction motion, the Government promised to recommend a sentence within the guideline range. At the time of the plea, there was a possibility that Merriweather would not be found to be a career offender, which would have meant his guideline sentencing range was expected to be 77 to 96 months rather than 188 to 235 months, the expected career offender guideline range. However, if Merriweather was not found to be a career offender, it was a real possibility at the time that the Government could have argued the Court should sentence Merriweather above the non-career offender range because of his serious and violent criminal history. The Government's promise in the plea agreement guaranteed that it would not do this. If Merriweather was not determined to be a career offender, the Government would not seek a sentence over 96 months. This was a benefit to Merriweather.

The Government also agreed to recommend a three-point offense level reduction under United States Sentencing Guideline Manual § 3E1.1(a) and (b). Without this promise in the plea agreement, this recommendation would not be guaranteed, and Merriweather risked a higher offense level and, consequently, a higher sentencing range. A promise to recommend a lower offense level in exchange for his promises in the plea agreement was a benefit to Merriweather.

Finally, the Government promised not to prosecute Merriweather in the Southern District of Illinois for additional crimes it knew about at the time of the plea or that it would become of through Merriweather's cooperation. While the Court has no knowledge whether any such crimes exist, it could have been a great benefit to Merriweather to be assured that if he had committed other crimes, he would not be prosecuted for them in this district.

In sum, the plea agreement provided adequate consideration to Merriweather.

B.    Contract of Adhesion

Merriweather argues the plea agreement is not enforceable because it is an unconscionable contract of adhesion. The Court first notes that Merriweather has pointed to no specific term of the plea agreement that is unconscionable as a matter of law. He simply argues that the Government did not negotiate with him about terms he now finds objectionable and instead, as Merriweather put it, shoved the agreement down his throat.

As the Seventh Circuit Court of Appeals has noted, there is nothing wrong with plea agreements containing terms about which the Government is unwilling to negotiate. *See United States v. Hare*, 269 F.3d 859, 862 (7th Cir. 2001). The presence of such terms does not turn the plea agreement into an unenforceable contract of adhesion. *United States v. McGuire*, 796 F.3d 712, 716 (7th Cir. 2015). Granted, there may have been a disparity in the bargaining power between the Government and a defendant, but as long as the Government does not abuse that power and the defendant knows the terms being offered, the agreement will be enforceable. *See, e.g., Koveleskie v. SBC Capital Markets, Inc.*, 167 F.3d 361, 367 (7th Cir. 1999) (noting "Illinois law does not void contracts where parties have unequal bargaining power, even if a contract is a so-called 'take-it-or-leave-it' deal."). A defendant who does not like the terms of a plea agreement tendered by the Government is free try to renegotiate the terms or to "spurn[] the offer and go[] to trial or enter[] a blind plea of guilty." *Hare*, 269 F.3d at 862.

Here, if Merriweather was unwilling to waive his constitutional and statutory rights as the Government insisted in exchange for the benefits it promised Merriweather in the plea agreement, he had other options. He could have refused to enter into the plea agreement and instead either gone to trial or entered into an open plea of guilty. In the absence of any evidence the Government wrongfully used its superior bargaining power, the Court will not relieve

Merriweather of the obligations of the plea agreement simply because the Government insisted on including certain terms Merriweather did not like in an agreement he was free to refuse.

**IV.     Conclusion**

For the foregoing reasons, the Court finds Merriweather has not provided any fair and just reason to allow him to withdraw his guilty and, accordingly **DENIES** his motion to withdraw his guilty plea (Doc. 241).

**IT IS SO ORDERED.**
**DATED:  June 5, 2017**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**