UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 15-cr-40046-JPG |
| JEROME MERRIWEATHER, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Jerome Merriweather's successive motions for a sentence reduction for "extraordinary and compelling reasons" pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)), and its emergency supplement (Docs. 383, 393 & 413). The first of these motions, filed *pro se*, is labeled as a motion to reconsider the denial of his original motion for a sentence reduction. Regardless of their labels, the Court considers the motions to request a sentence reduction for "extraordinary and compelling reasons." The Government has responded (Doc. 421). The defendant was given an opportunity to reply, but he has not done so.

**I.  Compassionate Release**

The First Step Act expanded the sentence reduction provisions[1] of § 3582(c)(1)(A) by opening the door for a defendant to move for a reduction rather than only allowing the Director of the Bureau of Prisons ("BOP") to so move. First Step Act, § 603(b)(1) (codified at 18 U.S.C. § 3582(c)(1)(A)); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). The relevant

---

[1] The reduction provisions are often referred to as "compassionate release" because historically the grounds for reduction have included the defendant's health and/or age as "extraordinary and compelling reasons" for immediate release. Release was called "compassionate" because it was viewed as showing sympathy for an ailing or aged defendant.

portion of the law provides:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction. . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A).

In exhausting administrative remedies, the defendant must have asserted the same or similar issues as grounds for relief in his request to the warden as he does in his motion for a sentence reduction. *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). Otherwise, the warden is not equipped to properly consider the defendant's request. Additionally, the Court should give substantial weight to the BOP's analysis, if there is any, regarding "extraordinary and compelling reasons" in any particular case. *Gunn*, 980 F.3d 1180.

The final clause of § 3582(c)(1)(A) requires the Court to consider whether a sentence reduction would be consistent with U.S.S.G. § 1B1.13 (2023) (effective Nov. 1, 2023), the policy statement applicable to motions filed by the BOP Director or the defendant. That policy statement adds the provision that the defendant must not be a danger to the safety of any other

person or to the community. U.S.S.G. § 1B1.13(a)(2).[2] The policy statement further defines "extraordinary and compelling reasons" to include, alone or in combination, as relevant for this case:

> **(1) Medical Circumstances of the Defendant.**—
> **(A)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> **(B)** The defendant is—
> > **(i)** suffering from a serious physical or medical condition,
> > **(ii)** suffering from a serious functional or cognitive impairment, or
> > **(iii)** experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> **(C)** The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
> **(D)** The defendant presents the following circumstances—
> > **(i)** the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
> > **(ii)** due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
> > **(iii)** such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b) (2023).

The guideline further states that non-retroactive changes in the law may not be considered in determining whether an extraordinary and compelling reason exists, but it may be considered in determining the extent of a reduction where other extraordinary and compelling

---

[2] This provision is similar, but not identical, to 18 U.S.C. § 3553(a)(2)(C), which requires the Court to consider the need for the sentence "to protect the public from further crimes of the defendant."

3

reasons exist U.S.S.G. § 1B1.13(c) (2023).  The guideline also provides that the rehabilitation of the defendant cannot, by itself, be an extraordinary and compelling reason, but it may be considered in connection with other reasons in determining whether and to what extent the Court should grant a reduction.  U.S.S.G. § 1B1.13(d) (2023).

Thus, for a defendant to be eligible for a § 3582(c)(1)(A) sentence reduction, he must have exhausted his administrative remedies,[3] and the Court must find that (1) extraordinary and compelling reasons for a reduction exist, and (2) considering the applicable factors in 18 U.S.C. § 3553(a), the extraordinary and compelling reasons warrant a reduction.  18 U.S.C. § 3582(c)(1)(A).  The movant bears the burden of making such a showing, and the Court has discretion to determine whether the defendant satisfied that burden.  *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021); *Gunn*, 980 F.3d at 1180.  The Court must ensure that any reduction complies with U.S.S.G. § 1B1.13 (2023).

**II.     Analysis**

      A.     <u>Background</u>

In April 2016, Merriweather pled guilty to one count of conspiracy to distribute 100 grams or more of heroin and three counts of distribution of heroin.  In August 2017, the Court sentenced him to serve 228 months in prison on each count, to run concurrently.  The Court found Merriweather's relevant conduct was 200 grams of heroin.  It further found he was a career offender under U.S.S.G. § 4B1.1[4] based on two prior convictions for crimes of violence.  His career offender offense level (31) and his criminal history category VI (based on his criminal history points and his career offender status) drove the guideline calculation, which resulted in a

---

[3] The exhaustion requirement is not jurisdictional and may be waived by the Government.  *Gunn*, 980 F.3d at 1179.
[4] Unless otherwise noted, references to the guidelines are to the 2015 version.

guideline range of 188 to 235 months in prison.

In deciding that a sentence of 228 months was sufficient, but not greater than necessary to comply with sentencing objectives, the Court considered Merriweather's health history and condition as set forth in his presentence investigation report ("PSR").  The most salient feature of that history was a gunshot wound to the abdomen in 2014 which left him in a coma and hospitalized for months, required more than 60 surgeries, resulted in removal of his right kidney and parts of his colon and large intestine, caused additional serious complications including digestive system issues.  The PSR also reflects he had hypertension, PTSD, anxiety, and depression.  Merriweather appealed his sentence, but the Court of Appeals dismissed the appeal. *See United States v. Merriweather*, 743 F. App'x 31 (7th Cir. 2018).  Merriweather did not seek a writ of *certiorari* from the Supreme Court.

Merriweather filed a *pro se* emergency motion for compassionate release in May 2020 (Doc. 304), but the Court denied that motion without prejudice for failure to exhaust administrative remedies (Doc. 306).  He then filed a second *pro se* emergency supplemental brief in support of compassionate release (Doc. 307), which was superseded by a counsel-filed amended motion (Doc. 315) and a supplement (Doc. 328).  In December 2020, the Court denied that motion, finding that Merriweather's health condition likely presented extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i) but that the factors in 18 U.S.C. § 3553(a) weighed against release (Doc. 329).  Merriweather appealed that order, and the Seventh Circuit Court of Appeals affirmed that decision in May 2022.  *United States v. Merriweather*, No. 20-3503,  2022 WL 1449183 (7th Cir. May 9, 2022).  Merriweather is scheduled to be released from prison on January 9, 2032.  BOP, Find an Inmate, https://www.bop.gov/inmateloc/# (visited Sept. 18, 2024).

In October 2023, Merriweather again asked the acting warden at his institution (Federal Medical Center Devens, "FMC-Devens") to request compassionate release on his behalf (Doc. 421-1). The warden promptly denied the request on the grounds that, although Merriweather has a condition with an end-of-life trajectory (end-stage renal disease), he does "not have end-of-life indicators that would establish a prognosis of terminal." The warden also noted that Merriweather was not currently on dialysis,[5] resided in an open housing unit, was independent with his activities of daily living, and was being adequately treated at FMC-Devens (Doc. 393 at 13). More than 30 days later, Merriweather filed the motions now before the Court.

Merriweather now asks the Court to order his immediate release. He has now served 50 percent (more than 9 years) of his sentence, which he claims has accomplished the purposes of sentencing. He suffers from an end-stage kidney disease, which U.S.S.G. § 1B1.13(b)(1)(A) (2023) states is an extraordinary and compelling medical reason, with an end-of-life trajectory of 5 to 10 years. Recently, he has developed another complication of efforts to provide dialysis—damaged veins and arteries. In addition, he believes he faces an unacceptable risk of serious illness or death from a resurgence of the COVID-19 virus at FMC-Devens,[6] and that the BOP is unable to protect him from that and other diseases. Merriweather also argues that the Court was wrong before to find he remained a danger to the community and relied too much on a guideline that did not apply. He asks the Court to reconsider his request in light of the 2023 guideline amendments. He also points to his rehabilitation efforts, including the numerous classes he has

---

[5] Since the warden's response, Merriweather has started dialysis again at FMC-Devens.
[6] As of September 18, 2024, the BOP reports no open COVID-19 cases at FMC-Devens. *See* BOP, Inmate COVID-19 Data, https://www.bop.gov/about/statistics/statistics_inmate_ covid19.jsp (visited Sept. 19, 2024).

taken, in support of his claim that he is not a threat to the community.[7]

In response, the Government argues that nothing material has changed since the Court sentenced Merriweather or since it denied his prior motion for compassionate release on the merits. It again notes that Merriweather had many of the same serious health problems when he committed his crimes and when he was sentenced for them, and the Court considered them in selecting his sentence. The Government concedes that Merriweather's end-stage kidney disease (Stage 5 renal failure) can amount to extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A), but notes that he is housed at a medical facility where medical staff are able to manage his medical needs, including his chronic kidney condition and hypertension. Citing the warden's response to Merriweather's most recent request for release, the Government argues that Merriweather's conditions have not rendered him unable to care for himself. As for COVID-19, the Government argues that Merriweather did not exhaust his remedies with respect to his complaints about COVID-19 because he did not mention it in his January 2024 request to the warden. It also points to FMC-Devens's successful efforts to protect its inmates from the virus. Finally, the Government argues that the § 3553(a) factors still weigh against release. It notes that Merriweather has had four additional disciplinary violations since the Court denied his earlier motion on the merits in December 2020.

B.   Exhaustion of Administrative Remedies

The Court finds the defendant has exhausted his administrative remedies to the extent he claims his kidney disease and high blood pressure are extraordinary and compelling reasons for release. However, to the extent his request is based on his risk from COVID-19 or other factors,

---

[7] Merriweather also raises several objections to his sentence and conviction based on matters beyond the scope of 18 U.S.C. § 3582(c)(1)(A). Such attacks are more appropriately brought in a § 2255 motion, if such a motion is possible. The Court does not consider them here.

he did not raise those issues in his January 2024 request to the warden, so he has not exhausted his administrative remedies as to those factors. *See United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021).

  C. <u>Extraordinary and Compelling Reasons</u>

  It is clear that Merriweather suffers from a terminal illness—end-stage kidney disease. End-stage organ disease is listed as an example of a terminal illness in U.S.S.G. § 1B1.13(b)(1)(A) (2023). Whether a defendant is diminished in his ability to care for himself is not relevant to whether his medical condition qualifies under U.S.S.G. § 1B1.13(b)(1)(A) (2023). *Compare* U.S.S.G. § 1B1.13(b)(1)(B) (2023) (requiring that the defendant's health condition "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility. . . ."). Even independent of U.S.S.G. § 1B1.13(b)(1)(A) (2023), the Court would find that end-stage kidney disease qualifies under 18 U.S.C. § 3582(c)(1)(A)(i) as an extraordinary and compelling reason for release.

  D. <u>§ 3553(a) Factors</u>

  However, Merriweather presents too great a danger to the community to release now, and he needs to serve more of his sentence to achieve the purposes of sentencing. The Court's analysis of the § 3553(a) factors when sentencing him and when considering the merits of his earlier motion for compassionate release continues to apply now, and the Court adopts them as support for this order. At sentencing, the Court considered the same health conditions Merriweather has now, although they had not progressed as far as they have now. As the Court noted then, he was able to commit his criminal offenses even in his fragile health condition. Merriweather was a career offender with a history of violence and disregard for the rules. The Court echoed the same reasons when weighing the merits of his earlier motion for compassionate

release and found that serving 3 years in prison was not enough.

Merriweather points out that now he has spent 9 years in prison and has taken numerous classes that show his rehabilitation. Again, the Court is glad Merriweather is working to improve himself, and it considers 9 years—nearly half of his sentence—a substantial step toward just punishment. However, it notes he has also accumulated four disciplinary violations since the Court's last denial of compassionate release, which shows the Court that Merriweather has not changed his rule-breaking ways. At this point, Merriweather is still a danger to the safety of other people in the community, and there is still a great need to protect the public from his further crimes. He still needs to serve more of his sentence to protect the public and to achieve the other purposes of sentencing. Anything less would undermine the gravity of his offense and would not promote respect for the law.

### III.    Conclusion

For all of these reasons, the Court **DENIES** Merriweather's motions for a § 3582(c)(1)(A) sentence reduction and emergency supplement (Docs. 383, 393 & 413).

**IT IS SO ORDERED.**
**DATED:  September 23, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
